IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01784-BNB

DAWANE ARTHUR MALLETT,

    Applicant,

v.

WARDEN DAVIS,
UNIT MANGER COLLINS,
F-B-O-P DIRECTOR HARLY LAPPIN, and
ALL KNOWN A-D-X-OFFICIALS,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 24 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Petitioner, Dawane Arthur Mallett, is in the custody of the United States Bureau of Prisons and is currently incarcerated at the Administrative Maximum facility in Florence, Colorado. Mr. Mallett initiated this action by filing a *pro se* Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Motion and Affidavit for Leave to Proceed Under 28 U.S.C. § 1915 on July 14, 2009. In an order entered on August 3, 2009, Magistrate Judge Boyd N. Boland directed the Clerk of the Court to commence a civil action and instructed Mr. Mallett to cure certain deficiencies if he wished to pursue his claims. Specifically, Magistrate Judge Boland ordered Mr. Mallett to submit a certificate showing his current prison account balance. Mr. Mallett was

1

warned that the action would be dismissed without further notice if he failed to cure the deficiencies within thirty days.

On August 6, 2009, Mr. Mallet filed a motion requesting that the Court withdraw the $5.00 filing fee from his inmate account. He also stated that prison officials had refused to provide him a copy of his inmate account statement. Magistrate Judge Boland denied the motion by Order dated August 10, 2009, noting that Mr. Mallett had failed to provide any documentation to support his allegations that prison officials had refused to provide him with a certified copy of his inmate account statement. Magistrate Judge Boland allowed Mr. Mallett an additional thirty days submit a current, certified copy of his inmate account statement or to show cause why he is unable to do so. Magistrate Judge Boland again warned Mr. Mallet that a failure to cure this deficiency would result in dismissal of the instant action.

Mr. Mallett submitted inmate account statements to the Court on August 10, 2009, and August 21, 2009. The statements, however, are deficient because they are not certified by either the warden or an appropriate officer at the facility where Mr. Mallett is incarcerated, as required by Rule 3 of the Rules Governing Section 2254 Cases in the United States District Courts.

Mr. Mallett was instructed in the Order to Cure Deficiencies that he must provide a certified statement showing the current balance in his inmate account. Furthermore, Page Two of the 28 U.S.C. § 1915 Prisoner's Motion and Affidavit form instructs inmates that they must attach a certificate from the warden or other officer stating how much money they have in their inmate account. Therefore, the action will be dismissed without prejudice for failure to cure all noted deficiencies. Accordingly, it is

ORDERED that the Complaint and the action are dismissed without prejudice for failure to cure all deficiencies. It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this 23 day of Sept., 2009.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01784-BNB

Dawane Arthur Mallett
Reg No. 13944-097
US Penitentiary ADX
P.O. Box 8500
Florence, CO 81226-8500

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/24/09

GREGORY C. LANGHAM, CLERK

By: _____
              Deputy Clerk